# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED EXCEL INVESTMENT, LLC,**
**UNITED EXCEL INVESTMENT, LTD.**
**and RENAUD CAMBE,**

        **Plaintiffs,**

**v.**                                         **Case No:   6:15-cv-1765-Orl-22DAB**

**JULIE CAMBE, REBECCA DURRER**
**and THIBAULT CAMBE,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court on its own initiative. As the basis for subject matter jurisdiction in this Court, Plaintiffs have asserted diversity jurisdiction, 28 U.S.C. § 1332. Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress. Wright, Miller & Cooper, 13 *Federal Practice and Procedure*, § 3522 (2008). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244 (2006). Based on the allegations in the Complaint as pled, the Court lacks subject matter jurisdiction, *i.e.,* diversity of citizenship, and the case must be **DISMISSED**.

On October 19, 2015, Plaintiffs United Excel Investment, LLC, United Excel Investment, Ltd., and Renaud Cambe filed suit against his siblings, Julie Cambe, and Thibault Cambe, and Rebecca Durrer, for state law fraud and related claims arising out of the three Defendants' handling of investments in real property. Doc. 1. However, Plaintiffs' allegations concerning their citizenship and those of the Defendants establish that at least one party on both sides of the litigation is from Florida – and possibly from France – which destroys the complete diversity jurisdiction necessary to proceed in federal court pursuant to 28 U.S.C. § 1332.

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants.  *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978).  In order to achieve "complete diversity" no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373.

In this case, the Complaint alleges that Plaintiff United Excel Investment, LLC is a Delaware entity[1] with its principal place of business in the State of Florida. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has held that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192-93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

The Complaint further alleges that Plaintiff United Excel Investment, Ltd. is "a foreign company" with its present principal place of business in the British Virgin Islands. The Complaint

---

[1]  A limited liability company is generally viewed as a citizen of any state of which a member of the company is a citizen, *see Rolling Greens MHP, PL v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004), however, the Complaint does not identify the members of the LLC, instead, treating the LLC as a corporation.

fails to set forth the place of incorporation for United Excel Investment, Ltd. and it is impossible for the Court to determine its citizenship. The Complaint alleges that Plaintiff Renaud Cambe is a citizen of France[2].

The Complaint alleges that Defendants Julie Cambe and Rebecca Durrer are "residents"[3] of Florida. However, as pled in the Complaint, Julie Cambe is the *sister* of Plaintiff Renaud Cambe and Co-Defendant Thibault Cambe who are citizens of France; thus, Julie Cambe's citizenship is in serious doubt. Whether her actual citizenship is France or Florida, she is not diverse from all the Plaintiffs. In addition, both Plaintiff United Excel Investment, LLC and Defendant are apparently Florida citizens for diversity purposes.

It does not appear that any amendment or correction to the pleading could cure the jurisdictional deficiency. As the Court is authorized to resolve any question regarding its jurisdiction at any time during the proceedings, and there is a lack of complete diversity between Plaintiffs and Defendants, it is **respectfully RECOMMENDED** that the Complaint be **DISMISSED without prejudice for lack of jurisdiction**.

Failure to file written objections to the proposed finding and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggravated party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

---

[2]  The Complaint alleges that Renaud Cambe is "residing in Thailand" and resided in Switzerland "during the beginning of the material times." Doc. 1. It is a party's citizenship, not residency, which is considered in determining diversity jurisdiction.

[3]  For diversity jurisdiction purposes, pleading "residence" alone is not enough. *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th 2013) (citing *Denny v. Pironi*, 141 U.S. 121, 123, 11 S.Ct. 966, 35 L.Ed. 657 (1891)); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Recommended in Orlando, Florida on October 22, 2015.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record